# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MILTON A. LEE**                                                                        **PETITIONER**

**v.**                                                                             **NO. 1:07CV313-A-D**

**CONSTANCE REESE**                                                         **RESPONDENT**

## MEMORANDUM OPINION

Milton Lee is a federal inmate currently housed in the Federal Correctional Complex in Yazoo City, Mississippi. Lee was convicted and sentenced in Alabama for his crimes.

In April 2006, Lee filed a § 2255 motion in the Northern District of Alabama challenging the same conviction and sentence contained herein. *See Lee v. United States*, No. 2:06-cv-8017-RDP-RRA (N.D. Ala.). On January 11, 2007, the Alabama District Court denied Lee relief which was approved by the Eleventh Circuit Court of Appeals. (Information obtained through PACER for Cause No. 2:06-cv-8017-RDP-RRA). Lee again attempted to modify his sentence by filing two separate motions in his criminal case on June 6th and July 18th of 2007. *See United States v. Lee*, No. 2:04-cr-447-RDP-RRA (N.D. Ala.). The Alabama Court again denied him relief.

Exhausting his efforts in Alabama, an undeterred Lee filed this petition pursuant to 28 U.S.C. § 2241. Despite the label placed on the motion by Lee, it is nothing more than yet another § 2255 petition and shall be treated as such.

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. One of the changes dealt with second or successive writs. A check of the Alabama District Court's records show that Petitioner has filed at least one other unsuccessful §2255 motion concerning the same sentence which he now seeks to challenge.

The AEDPA requires that before a district court files a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2255 ¶ 7. There is no indication that Lee has sought or obtained such authorization.

A district court is authorized to dismiss successive post conviction petitions where the claims raised therein have been previously disposed of on the merits. 28 U.S.C. § 2255, ¶ 7; 28 U.S.C. § 2244(a) and (b)(3)(A); Rules Governing Section 2255 Cases, rule 9; *see also Crockett v. United States*, 593 F.2d 5, 7 (5th Cir. 1979). The arguments Lee presents in his latest motion are not new or novel. To the contrary, the arguments are substantially similar to those previously addressed by the Alabama District Court and found unworthy of relief. Rather than dismissing the petition on this basis, the Fifth Circuit allows district courts to transfer a successive petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(c). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Lee, however, was convicted and sentenced in Alabama. The Eleventh Circuit Court of Appeals would, therefore, have jurisdiction to determine if he should be allowed to proceed with this successive habeas petition. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (a § 2255 motion must be filed in the sentencing court). Since Lee has not received permission from the appropriate court of appeals to file a successive petition and there is no indication that the Eleventh Circuit prefers transfer, his motion shall be dismissed. *In re Tolliver*, 97 F.3d 89, 90 (5th Cir. 1996); *see also Farris v. United States*, 333 F.3d 1211 (11th Cir. 2003) (district court lacks jurisdiction over successive motion to modify sentence where there is no prior authorization from the appropriate court of appeals).

A final judgment in accordance with this opinion will be entered.

This the  28th  day of January, 2008.

                                           **/s/ Sharion Aycock**
                                           **U.S. District Judge**